MILLER, Judge.
Plaintiffs (Ritchey et al.) proved a prima facie case for the issuance of a preliminary injunction prohibiting Desser et al. from interfering with their “servitude of passage and utility easement” (acquired February 11, 1966) affecting the rear 8 feet of Lots 13 and 14, Block 2 West End Heights Subdivision of Lafayette. Ritchey v. Desser, 203 So.2d 735 (La.App.3d Cir.1967). Thereafter, following a two day trial, the trial court granted plaintiffs a permanent injunction finding that the evidence adduced on the trial for a permanent injunction did not change the situation. We reverse.
In June of 1965 defendants opened their Kentucky Fried Chicken business on West University Avenue in Lafayette. Plaintiffs are owners of the premises operated as the “Pizza Inn” on West University Avenue in Lafayette. The Pizza Inn business opened in October, 1966.
By instrument signed in January 1965, but recorded July 22, 1965, John B. Levy (common ancestor in title to all parties litigant) leased to the Desser defendants:
“That certain building, measuring fifty feet by thirty feet (50' x 3O'), together with other on site improvements to be constructed in connection therewith and which are pertinent to the use and occupancy of the said building, which building shall be constructed on all or part of that certain lot of ground known and described as Lot 13 (and lot 14) of Block 2 of the West End Heights Subdivision % jj< >t
In this lease agreement, Levy undertook to construct at his expense a building and improve the lots for use as a Kentucky Fried Chicken outlet, in accordance with plans in evidence as Exhibit M-9. These plans show improvements on all of lots 13 and 14. Each lot is 25 feet wide by 125 feet deep.
The plans show that the front 72 by 50 area is to be paved with concrete; the next 35 by 50 area is covered with the building (and roof); the next 10 by 50 area has a concrete slab and the back 8 by 50 area is covered with a “shell area”. Thus the entire area (50 x 125 of Lots 13 and ■ 14) is covered with “on site improvements to be constructed in connection” with the Kentucky Fried Chicken building.
In January of 1966 John B. Levy offered to sell Lots 11 and 12 to Ritchey and Chatelain, the plaintiffs. They agreed to purchase the lots on the condition that Levy get Lebro Corporation (to which Levy had exchanged Lots 13 and 14 for corporate stock, and of which Levy was a corporate officer) to grant Ritchey and Chatelain “a servitude of passage and a utility easement” over the back 10 feet of Lots 13 and 14. This easement was granted February 11, 1966 (for no consideration).
Ritchey and Chatelain immediately commenced construction of a building which they leased to others to operate as a Pizza Inn. When their tenants started using *109 this 10 x SO foot strip to remove garbage, defendants began construction of a fence to close off the area. Plaintiffs sued to enjoin defendants from interfering with their use of the servitude.
ISSUE: Did Levy’s lease to the Dessers include the northeasterly (rear) ten feet of Lots 13 and 14 of Block 2 of West End Heights Subdivision? On the evidence produced at the trial for the permanent injunction, we find that it did.
Our decision at 203 So.2d 735 held that there was no showing that the shelled 8 foot strip in the rear of Lots 13 and 14 was an on site improvement to be constructed in connection with the building and pertinent to the use and occupancy thereof. At the hearing for the preliminary injunction (there under review)
“No evidence whatsoever was adduced as to the necessity of this strip of ground to the functional operation of defendants’ business or its use or occupancy of the building. It could operate as it now does if this strip were not there.” 203 So.2d 735, at 738.
The only witness to testify at the hearing for the preliminary injunction were plaintiffs Dan A. Ritchey, Jr. and his partner Ethan J. Chatelain together with defendant James Desser. There were only 30 pages of offerings and testimony. On the other hand, at the trial for the permanent injunction, John B. Levy testified on several occasions. Also testifying were his business colleague and Levy’s contractor who built the building and on site improvements which Levy leased to the Dessers.
Plaintiff Ritchey testified at the last hearing that as a real estate developer, he “had something to do with the leasing” of the property to the Dessers for the Kentucky Fried Chicken outlet; that “There was access behind the Kentucky Fried Chicken building which I was familiar with * * *” Tr. 129, 138. Ritchey knew at the time he purchased Lots 11 and 12 that the rear eight feet of lots 13 and 14 had been shelled. Tr. 133.
Weston J. Porter, Sr., the contractor employed by Levy to construct the Kentucky Fried Chicken building and on site improvements, testified that his February 1965 contract required that he shell two areas. The one to the rear of the property “was to give access to chicken trucks that were to back up in that area to unload chicken to the rear of the building.” Tr. 144.
John- Levy was not able to state what his intentions were at the time he leased the property for the Kentucky Fried Chicken outlet. He admitted that he “did not exclude specifically any part of either lot thirteen or lot fourteen.” Tr. 152. Furthermore he admitted that he never suggested to the Dessers that he was reserving any part of lots 13 and 14. Tr. 153.
George Desser testified that the 10 by 50 foot concrete slab and 8 by 50 foot shelled area behind the building were essential to the operation of his business. The back area is used for steam cleaning, for hauling in fresh ice packed chickens, and for parking. An air conditioner extends three feet from the rear of the building, and he states that the trucks must use the shelled area in order to make deliveries. Even with it, the air conditioner was struck by a truck on one occasion. Tr. 165, 166.
Desser testified that the first plans were to shell the entire back eighteen feet by fifty feet area. This was changed because they desired the outside drain which necessitated the additional paved area.
James Henry Desser’s testimony was essentially the same as that of his brother. He verified that he needed and states that he has always used all of the paved and shelled area behind their building. He explained that the photographs showing vegetation on the shelled area (which were in evidence at the first hearing) did not fairly show the entire shelled area. Tr. 185.
*110 On this evidence we find the shelled 8 x SO foot strip in the rear of lots 13 and 14 was an on site improvement constructed in connection with the building and it was pertinent to the use and occupancy of the building as a Kentucky Fried Chicken outlet. This strip was therefore subject to Levy’s lease to defendants Dessers.
By answer and reconventional demand, Dessers sought to have the servitude declared void as to them and damages for slander of their leasehold title. At the original injunction hearing, the trial court dissolved the temporary restraining order (that initially issued without a hearing) and granted $500 damages. The servitude from Lebro Corporation to plaintiffs is without effect as to defendants, so long as defendants’ lease is in effect. We reinstate the trial court’s original award of $500 damages.
Judgment is rendered in favor of movers-defendants James H. Desser and George E. Desser and against plaintiffs Dan A. Ritchey, Jr. and E. J. Chatelain dissolving the preliminary and permanent injunctions, and awarding defendants $500 damages for the improvident issuance of the temporary restraining order, preliminary and permanent injunctions, together with interest thereon at the legal rate from date of judicial demand until paid. All costs both at trial and on appeal are assessed to plaintiffs.
Reversed and rendered.